IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSICA E. MILLER                                                        PLAINTIFF

vs.                                    Civil No. 6:12-cv-06010

MICHAEL J. ASTRUE                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jessica E. Miller ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her Title II application on February 13, 2009. (Tr. 10, 96-97). In this application, Plaintiff alleges being disabled due to her "[r]ight leg [being] paralyzed from [the] knee down." (Tr. 113). Plaintiff claims this impairment results in the following limitations: "I'm not able to walk without crutches; I have to keep my leg wrapped in electric blanket or my leg is unusually cold; I'm not able to bend/stoop/lift/carry things." *Id.* Plaintiff alleges an onset date of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

January 30, 2009. (Tr. 10, 96). This application was denied initially and again upon reconsideration. (Tr. 50-51). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 59-62). Plaintiff's administrative hearing was held on April 30, 2010 in Hot Springs, Arkansas. (Tr. 20-49). Plaintiff was present and was represented by John Yeargan at this hearing. *Id.* Plaintiff and two witnesses for Plaintiff testified at this hearing. *Id.*

On August 24, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-16). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on March 31, 2010. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of January 30, 2009 through her date last insured of March 31, 2010. (Tr. 12, Finding 2). The ALJ determined through her date last insured Plaintiff suffered from the following severe impairment: multiple sclerosis. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

The ALJ determined Plaintiff was thirty-six (36) years old on her date last insured. (Tr. 15, Finding 7). Such an individual is classified as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB). *Id.* The ALJ also found Plaintiff had a high school education and was able to communicate in English. (Tr. 15, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-13, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).

*Id.* The "full range of sedentary work" includes the following:

> (a) Sedentary work.  Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(c) (2012).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found through her date last insured, Plaintiff was unable to perform any of her PRW.  (Tr. 15, Finding 6).  The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, consider her age, education, work experience, and RFC.  (Tr. 16, Finding 10).  The ALJ relied upon the Medical-Vocational Guidelines ("Grids") to make this determination.  *Id.*  Notably, the ALJ found Rule 201.28 of the Grids directed a result of "not disabled." *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from January 30, 2009 (Plaintiff's alleged onset date) through March 31, 2010 (Plaintiff's date last insured).  (Tr. 16, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 90-95).  On November 16, 2011, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On January 11, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on January 30, 2012. ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8-9.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ committed reversible error by not fully evaluating the medical records and the opinions of her treating physicians. ECF No. 8 at 3-10. Specifically, Plaintiff argues the ALJ erred by failing to consider the opinions of her treating physician, Dr. Mitchell H. Kaufman, M.D. *Id.* Upon review of the ALJ's opinion and the medical records in this case, the Court finds Plaintiff is correct in her argument, and this case must be reversed and remanded for further consideration of Dr. Kaufman's opinions.

Dr. Kaufman initially treated Plaintiff in the Department of Neurology at St. Joseph's Mercy Health Clinic. (Tr. 164-165, 179-182). She first presented to Dr. Kaufman on February 6, 2009 with complaints of right leg paralysis. (Tr. 179-182). Upon examination, Dr. Kaufman was unable to

diagnose Plaintiff with a specific illness but suspected a type of "rheumatologic illness." *Id.* Due to the severity of Plaintiff's symptoms, Dr. Kaufman noted the following: "Because aforementioned clinical deficits potentially may be chronic or possibly permanent, the patient will be given a note to her employer stating that she is temporarily totally disabled until further notice." *Id.* On February 20, 2009, Plaintiff reported extreme right leg pain for a second time. (Tr. 164-165). Again, Dr. Kaufman was unsure of Plaintiff's diagnosis but prescribed her oxycodone for pain management until the "underlying etiology" could be determined. *Id.* Subsequent to these appointments, it appears Dr. Kaufman separated from St. Joseph's Mercy Health Clinic, and Dr. R. Paul Tucker, M.D. assumed care of Plaintiff. (Tr. 224-228). Ultimately, Dr. Tucker diagnosed Plaintiff with multiple sclerosis. (Tr. 223).

In his opinion, the ALJ briefly mentioned Dr. Kaufman's examination of Plaintiff on February 6, 2009. (Tr. 13). The ALJ did not, however, reference the fact Dr. Kaufman found Plaintiff was at least temporarily disabled due to her leg pain. (Tr. 13-15). Standing alone, this mistake is not necessarily reversible error because questions of disability are reserved for the SSA and are not decisions to be made by the claimant's physician. *See Brown v. Astrue,* 611 F.3d 941, 952 (8th Cir. 2010). However, in this case, the ALJ largely discounted Plaintiff's allegations of disabling multiple sclerosis and severe leg pain based upon the finding that there was "no evidence of any treating physician . . . restricting the claimant from all work activity." (Tr. 15). This was simply incorrect. As noted above, Dr. Kaufman *did find* Plaintiff was at least temporarily restricted from all work activity due to her leg pain and, although she had not been diagnosed at the time, also due to her multiple sclerosis. Accordingly, this case must be reversed and remanded so the ALJ is afforded the opportunity to further evaluate Dr. Kaufman's findings, consider Plaintiff's subjective complaints, and determine whether her subjective complaints may be properly discounted.

6

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of December 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE